## Hirsh's Estate.

*Gift—Evidence—Findings of fact—Orphans' Court.*

A finding of fact by the orphans' court that money alleged to have been a loan to the decedent was in reality a gift, if based upon sufficient and competent evidence, will not be disturbed by the appellate court in the absence of clear error.

Argued Nov. 9, 1909.  Appeal, No. 8, Oct. T., 1909, by Morris Horkheimer, from decree of O. C. Lancaster Co., Nov. T., 1906, No. 46, dismissing exceptions to adjudication in Estate of Abraham Hirsh, deceased.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Exceptions to adjudication.  Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*W. H. Keller,* of *Coyle & Keller,* with him *F. B. Davis,* for appellant.

*C. Eugene Montgomery,* for appellee.

OPINION BY BEAVER, J., December 20, 1909:

In the distribution of decedent's estate, the court below awarded to Dora Hirsh, the widow of the decedent, the amount of a note, together with the interest thereon, which she held as a creditor.  The claim of Morris Horkheimer for an alleged loan to the decedent in his lifetime, amounting with interest to $669.90, was disallowed.  The allowance of the former and the disallowance of the latter constitute the assignments of error.

As to the claim of Dora Hirsh there was no dispute, and with the disallowance of the claim of Morris Horkheimer there was sufficient of a balance in the hands of the executrix

to pay it in full. The only practical question then for consideration is, Was the claim of Morris Horkheimer properly disallowed?

The adjudicating judge, in his opinion dismissing the exceptions filed to his adjudication, says: "The witness for exceptant testified that Hirsh had been supported for ten years previous to his death by Horkheimer. Assuming that the witness's information was correct, the conclusion irresistibly follows that Horkheimer made gifts and many of them to Hirsh, which strengthens the presumption that the money with which the judgment had been paid was a gift. We cannot escape this conclusion. Having been a gift, there is nothing which can change its character. The donor may not, upon subsequently discovering a means to partially recoup, declare it a loan. After weighing the transactions and relations of the parties, we found that Horkheimer gave the money to Hirsh and, therefore, had no claim."

A single witness was called by the appellant to testify as to what occurred at and after the time of the payment of the judgment, for the payment of which the claim of Horkheimer was made. The relevant testimony upon this subject, as it appears upon the notes of testimony, is as follows (H. J. Ryder, called by claimant and sworn, being upon the stand): Mr. Davis: "Q. Did you hear any conversation about it (the payment of the judgment) on the part of Mr. Hirsh?" Objected to by Mr. Montgomery. The Court: If he was present at a conversation in reference to this matter between Mr. Horkheimer and Mr. Hirsh, he can testify. "A. I was present after this thing was settled up and a conversation was held at my house, but not at the time—" Mr. Montgomery: "Q. Who were present at the time? A. Probably Mrs. Ryder and, may be, some members of the family. Mr. Horkheimer always stopped at my house." The Court: "A general conversation? A. I know I was present, and Mr. Horkheimer and Mr. Hirsh and, maybe, some members of the family. I don't know about the others." Objected to by Mr. Montgomery. Allowed. Mr. Davis: "Q. This is a conversation between— A. A general conversation between the three—Mr. Hirsh,

myself and Mr. Horkheimer." Allowed. "Q. Just tell us the conversation as near as you can recall." Objected to by Mr. Montgomery. "A. It will take a little history—" The Court: You had better confine yourself to this particular transaction. "A. The judgment was paid on this property, as Mr. Hirsh expected to sell some other properties. Q. It is not necessary to go into that. Just give us the conversation about this transaction. A. And the money was loaned to Mr. Hirsh, and Mr. Horkheimer didn't owe him anything at any time. Q. Was this shortly after this transaction? A. This was probably the same day, or, maybe, two or three days." Mr. Davis: "Was this money paid out by Mr. Hirsh and was it repaid to Mr. Horkheimer?" Objected to by Mr. Montgomery. Mr. Montgomery asks to have stricken out that part of the witness's answer that "He didn't owe him anything at any time." The Court: We will let it go as a general conversation and will give you a general objection. Mr. Davis: "You were transacting some business for Mr. Horkheimer at that time? A. You say Mr. Horkheimer? Q. Yes, sir. A. Yes, sir." Objected to by Mr. Montgomery. "Q. Did you receive a letter containing instructions from Mr. Horkheimer just before this? A. Not before this, subsequently. Not before, but subsequently." Objected to by Mr. Montgomery. "Q. Is that the letter you have there? A. Yes, sir." Objected to by Mr. Montgomery. Disallowed. "Q. Had Mr. Hirsh any money or means at that time to pay this?" Objected to by Mr. Montgomery. Allowed. Mr. Montgomery excepts. "A. He hadn't. Mr. Hirsh was supported by Mr. Horkheimer for the last ten years previous to his death."

It is very clear, giving the fullest possible effect to the entire testimony of this witness, that no facts or statements by the parties are presented upon which the transaction can be determined to be a loan by Horkheimer to Hirsh. The adjudicating judge well says in his opinion dismissing the exceptions: "The answer was, 'And the money was loaned to Mr. Hirsh, and Mr. Horkheimer didn't owe him anything at any time.' This was not responsive to the question. Altogether a voluntary expression of the witness's opinion and

was inadmissible as evidence. We denied a motion to strike out a part of this testimony, but attached no importance to it in the preparation of the decree." The witness's testimony related not to the conversation concerning which he was asked, but to his conclusions as to the situation between the decedent and the appellant which, of course, established nothing.

The court below having found the facts upon which the original adjudication was based and having heard an argument upon the exceptions to the adjudication, which was confirmed, based as we have seen upon a careful consideration of the testimony, we can see no reason for disturbing the conclusion reached.

Decree affirmed and appeal dismissed at the costs of the appellant.